Shawn Hanson (State Bar No. 109321)
shanson@jonesday.com
Katherine S. Ritchey (State Bar No. 178409)
ksritchey@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:   (415) 626-3939
Facsimile:    (415) 875-5700

Thane Vallette (State Bar No. 247474)
tvallette@jonesday.com
JONES DAY
555 South Flower  Street, 50th Floor
Los Angeles, CA  90071
Telephone:   (213) 489-3939
Facsimile:    (213) 243-2539

Attorneys for Defendants
STANDARD INSURANCE COMPANY;
COUNTRYWIDE HOME LOANS, INC. SHORT TERM DISABILITY PLAN; and
COUNTRYWIDE HOME LOANS, INC. LONG TERM DISABILITY PLAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNDA SACKS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STANDARD INSURANCE COMPANY; COUNTRYWIDE HOME LOANS, INC. SHORT TERM DISABILITY PLAN; and COUNTRYWIDE HOME LOANS, INC. LONG TERM DISABILITY PLAN;<br><br>　　　　Defendants. | Case No. CV 08-03370 DSF (AJWx)<br><br>**DISCOVERY MATTER**<br><br>**CONFIDENTIALITY AND PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER DISCOVERY OF PORTIONS OF STANDARD INSURANCE COMPANY'S CLAIMS GUIDELINES** |

# **ORDER**

GOOD CAUSE APPEARING, and pursuant to the agreement of the parties and their Stipulation Re: Confidentiality And Protective Order Governing Production Or Other Discovery Of Portions Of Standard Insurance Company's Claims Guidelines, the following confidentiality and protective order shall be in force in this matter:

1. This Confidentiality and Protective Order (the "Order") shall govern the designation and handling of documents, records, or information containing or concerning confidential or proprietary non-public, commercial, financial, trade secret and/or private information produced in this lawsuit, whether produced by Standard, Plaintiff, or by third parties.

2. Pursuant to this Order, Standard's Claims Manual, and/or any documents, records, materials and/or information contained therein, including but not limited to the Index and/or Table of Contents, is designated as "Confidential."

3. The term "Confidential Information" as used herein shall mean any and all documents, records, materials, and/or information contained and/or set forth in Standard's Claims Manual.

4. The production of the Claims Manual and Index will be conducted as follows:

   (a) Standard will produce the Table of Contents of the Claims Manual to plaintiff. The Table of Contents is also considered Confidential and all information within the Table of Contents is Confidential Information and falls within the purview of this Order.

   (b) Plaintiff will then select from the Table of Contents the portions of the Claims Manual that she believes are relevant to this action and that she wishes to be produced.

1       (c)     To the extent that the parties can agree on what portions of the Claims Manual are relevant to this action, those relevant portions will be produced by Standard, pursuant to the terms and conditions of this Order.

      (d)     As to the documents that are not produced due to a dispute between the parties over the relevance of said documents, or for any other ground, the parties will submit such a dispute to the Court for resolution. Any portion of the Claims Manual, and the contents therein, that is produced following such a dispute, pursuant to Court Order or for any other reason, shall remain Confidential as described within this Order, and remain within the purview of this Order.

    5.     Unless otherwise ordered by the Court in this action, the portions of Standard's Claims Manual, and any documents, records, or information contained therein that are produced, will be held by Plaintiff or the receiving party solely for use in connection with this litigation and will be maintained and disclosed only in accordance with this Order.

    6.     Except with Standard's prior written consent, or upon prior order of this Court obtained upon notice to counsel for all parties, Standard's Claims Manual, and/or any documents, records, materials and/or information contained therein, shall not be disclosed by any party to any person other than:

      (a)     Plaintiff;

      (b)     Plaintiff's counsel in this litigation;

      (c)     employees or independent contractors of Plaintiff's counsel in this litigation;

      (d)     the Court and court personnel, including stenographic reporters as necessarily incident to the preparation for trial of this action;

      (e)     noticed or subpoenaed deponents and their counsel;

      (f)     any person identified as having authored or previously reviewed or received Standard's Claims Manual, and any documents, records, or information contained therein; and

(g)     prospective witnesses and/or other persons who, in the judgment of Plaintiff, require Standard's Claims Manual, and any documents, records, or information contained therein, for the purpose of preparing their testimony in this litigation, preparing for trial in this litigation, or advising and assisting counsel in connection with the processing of this litigation.

Standard's Claims Manual, and/or any documents, materials, records, and/or information contained therein, may be shown to any person listed in subparagraph (g) of this paragraph only after such person has been shown a copy of this Order and advised of its terms, and only after such person executes a copy of the form of certification attached to this Order as Exhibit "A" (the "Certification").  Subject to the provisions of paragraph 7, below, Standard may, however, disclose Standard's Claims Manual, and any documents, materials, records, and/or information contained therein, to any person or entity, with or without any conditions to such disclosure, as Standard deems appropriate.

7.     Plaintiff's counsel shall maintain complete records of every original signed Certification obtained from any person pursuant to paragraph 6.  These Certifications need not be disclosed to the opposing parties absent further order of the Court.

8.     Any person receiving or viewing Standard's Claims Manual, and any documents, records, or information contained therein, shall not reveal the information to, or discuss the contents of the information with, any person who is not entitled to receive such information as set forth herein.

9.     If any information designated "Confidential," including Standard's Claims Manual, and/or any documents, records, materials and/or information contained therein is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers or the confidential portion thereof (if such portion is segregable) under seal.  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the

1  papers or portion thereof subject to the sealing application shall be lodged under
2  seal.

3  10. In the event that a dispute arises between the parties regarding the
4  procedures set forth in this Order, and/or a party's compliance with such procedure
5  or this Order, the parties shall first attempt to resolve the dispute in good faith on an
6  informal basis. If the dispute cannot be resolved, either party may seek appropriate
7  relief from this Court.

8  11. All provisions of this Order restricting the communication or use of
9  Confidential Information shall continue to be binding after the conclusion of this
10 action unless subsequently modified by agreement between the parties or further
11 order of the Court.

12 12. This Protective Order has no effect upon, and its scope shall not extend
13 to, Standard's use of its Claims Manual, and/or any documents, records, materials
14 and/or information contained therein.

15 13. Producing, receiving or reviewing Standard's Claims Manual, and/or
16 any documents, records, materials and/or information contained therein, and/or
17 otherwise complying with the terms of this Protective Order shall not:

18   (a) prejudice in any way the rights of either party to object to the
19 production of other documents, records, materials and/or information it considers
20 not subject to discovery or otherwise protected from or limited in discovery on the
21 basis of privilege or otherwise; or

22   (b) prejudice in any way the rights of either party to seek a court
23 determination whether such other documents, records, materials and/or information
24 should be produced; or

25   (c) prejudice in any way the rights of a party to apply to the Court for any
26 additional protection with respect to the confidentiality of other documents, records,
27 materials and/or information as that party may consider appropriate.

28

LAI-2988298v1

- 5 -

[PROPOSED] CONFIDENTIALITY AND
PROTECTIVE ORDER

1        14.     After the final termination of this action, including all appeals,
2   Standard's Claims Manual, and/or any documents, records, materials and/or
3   information contained therein, and all copies made thereof shall, at the option of the
4   parties holding such information, either (a) be returned within sixty (60) days to
5   Standard, or (b) be destroyed, and a certificate to that effect shall be provided to
6   Standard.  However, any work product (as defined under applicable law), pleadings,
7   deposition transcripts or trial exhibits in this action may be retained by counsel,
8   subject to the terms of this Order.  The Court and any Court personnel shall be
9   excluded from this Condition.

10       15.     This Order shall govern the production, handling and dissemination of
11  Standard's Claims Manual, and/or any documents, records, materials and/or
12  information contained therein, and all copies made thereof prior to trial.  After the
13  pretrial conference, the parties shall meet and confer regarding the confidentiality
14  of information to be used at trial and documents designated as trial exhibits and, if
15  necessary, agree upon a method for maintaining the confidentiality of such
16  information and documents at trial.

17       16.     Entry of this Order shall be without prejudice to any application for
18  relief from any restriction contained herein or for any order compelling or further
19  restricting the production, exchange, or use of any document, testimony,
20  interrogatory response, or other information produced, given, or exchanged in the
21  course of pretrial discovery in this action.

22       17.     This Order does not operate as an agreement by any party to produce
23  any or all documents and/or information demanded or requested by another party.
24  Nothing herein shall be deemed to waive any applicable objection and/or privilege
25  or be construed as an acknowledgment of the applicability of any objection and/or
26  privilege.

27       18.     All persons bound by this Order are hereby notified that if this Order is
28  in any manner violated, the person or entity who commits such violation shall be

1  subject to such sanctions as the Court, on motion and after a hearing, deems just.
2  There shall be no other remedy, penalty or damages imposed on or recoverable
3  from the parties, their attorneys, representatives, or assigns, or any cause of action
4  or penalty arising out of a violation of this Order except as stated herein.
5        19.    The Court retains jurisdiction to make such amendments,
6  modifications, and additions to this Order as it may from time to time deem
7  appropriate.

DATED: December 2, 2008_____    ANDREW J. WISTRICH
_____
HONORABLE ANDREW J. WISTRICH
MAGISTRATE JUDGE OF THE
UNITED STATES DISTRICT COURT

## **EXHIBIT "A"**

I, _____, hereby state and declare that I have read and understand the attached Confidentiality and Protective Order of the United States District Court for the Central District of California ("USDC CD CA") in the matter of <u>Lynda Sacks v. Standard Insurance Company, et al.</u>; Case No. CV08-03370 DSF (AJWx), and hereby agree to fully comply with the terms and conditions thereof. I further consent to the jurisdiction of the USDC CD CA with respect to enforcement of the Protective Order.

Executed this ___ day of _____, 20__, at _____,
                                                                                                  [City]

_____.
  [State]

By: _____

Name: _____

SFI-592220v1